UNITED STATES DISTRICT COURT
NONRTHERN DISTRICT OF OHIO
--------------------------------------------------------
:
MARTIN ROBINSON, :
: CASE NO. 1:11-CV-01609
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 13.]
LT. JEROME BARROW, *et al.*, :
:
Defendants. :
:
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendants Jerome Barrow, Anthony Spencer, Erin O'Donnell, and Michael Demchak[1] move the Court to dismiss the Plaintiff's state law claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [Doc. 13.] Specifically, the Defendants argue that (1) Plaintiff's claim for false imprisonment is barred by Ohio's one year statute of limitations; (2) Plaintiff's claims for assault and battery are barred by Ohio's one year statute of limitations; and (3) there is no direct cause of action based upon Ohio's Constitution. [Doc 13.] The Plaintiff did not respond. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Defendants' motion to dismiss.

**I. Legal Standard**

A court may grant a motion to dismiss only when "it appears beyond doubt" that the plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Conley v. Gibson*,

---

[1] The City of Cleveland is also a named Defendant to this action. The Complaint does not allege state law claims as against Defendant City of Cleveland, and Defendant City of Cleveland did not join in the motion to dismiss. [Doc. 1-2.] [Doc. 13.]

-1-

Case No. 1:11-CV-01609
Gwin, J.

355 U.S. 41, 45 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is not a "probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully." *Id.*

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1949 (citations removed). In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's conclusory allegations as true. *Iqbal*, 129 S. Ct. at 1949-51.

## II. Analysis

II.A *False Imprisonment under Ohio Common Law*

The Defendants argue that the Plaintiff's state-law claim of false imprisonment is barred by the applicable Ohio statute of limitations.[2] [Doc. 13.] The Plaintiff's second claim for relief – "False Imprisonment under 42 U.S.C.§ 1983 and Ohio Common Law" – alleges that Defendants

---

[2] The Sixth Circuit has said, "the prevailing rule is that a complaint showing on its face that relief is barred by an affirmative defense is properly subject to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted."

*Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).

Case No. 1:11-CV-01609
Gwin, J.

Barrow, Spencer, O'Donnell, and Demchak unlawfully arrested, detained, and imprisoned him in violation of Ohio law against false imprisonment. [Doc. 1-2 at ¶¶ 38-41.]

Under Ohio Rev. Code § 2305.11(A), an action for false imprisonment, "shall be commenced within one year after the cause of action accrued." Robinson's cause of action accrued on the date of the incident: July 10, 2009. [Doc. 1-2 at ¶¶ 10, 11.] The Complaint does not allege another date upon which the false imprisonment cause of action could accrue. *See e.g.*, *Mayes v. Columbus*, 664 N.E.2d 1340, 1352 (Ohio Ct. App. 1995). Robinson filed his complaint in the Cuyahoga County Court of Common Pleas on June 28, 2011. [Doc 1-2.] Because the Plaintiff filed his complaint more than one year after his cause of action accrued, his Ohio common law false imprisonment claim is barred by the statute of limitations. Thus, the Court **GRANTS** the Defendants' motion to dismiss the Plaintiff's false imprisonment pursuant to Ohio common law.

*II.B Willful, Wanton, and Reckless Conduct*

The Plaintiff also asserts a claim alleging that the Defendants "failed to exercise due care and acted in a willful, wanton, and reckless manner while engaged in police functions and activities in violation of the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution." [Doc. 1-2 at ¶ 44.] The Defendants argue that this allegation fails to state a claim on which relief can be granted because 1) the Plaintiff's state law claim is barred by the statute of limitations and 2) there is no direct cause of action based upon Ohio's Constitution. [Doc. 13.]

Under Ohio law, "[w]illful, wanton, and reckless conduct is technically not a separate cause of action, but a level of intent which negates certain defenses which might be available in an ordinary negligence action." *Cincinnati Ins. Co. v. Oancea*, 2004 WL 1810347 (Ohio Ct. App. 2004). In

Case No. 1:11-CV-01609
Gwin, J.

evaluating whether to grant a motion to dismiss for failure to state a claim, however, the Court must construe the complaint in the light most favorable to the Plaintiff. *See, e.g.*, *Kottmyer v. Maas,* 436 F.3d 684, 689 (6th Cir. 2006). The Plaintiff says he "was singled out and wantonly, recklessly, and maliciously assaulted by the Defendant Officers." [Doc. 1-2 at ¶ 1.] In the light most favorable to the Plaintiff, this claim is for political subdivision tort liability under Ohio Revised Code Chapter 2744, and it is "plausible" that the Plaintiff will be entitled to damages for injuries caused by Defendants' willful and wanton conduct if such misconduct can be shown. Moreover, under Ohio Revised Code 2744.04, "An action against a political subdivision to recover damages for injury...shall be brought within two years after the cause of action arose." That statute of limitations applies to both political subdivisions and their employees. *See, e.g.*, *Abdalla v. Olexia,* 682 N.E.2d 18 (Ohio Ct. App. 1996). As noted, the cause of action in this case accrued July 10, 2009. The Plaintiff filed his Complaint on June 28, 2011, so the two year statute of limitations does not bar this cause of action. The Court **DENIES** the Defendants' motion to dismiss the Plaintiff's third claim for relief, because the Plaintiff has met his burden in regards to that claim.

### IV. Conclusion

For the foregoing reasons, Court **GRANTS** the Defendants' motion to dismiss Plaintiff's second claim for relief, insofar as it is based on Ohio common law. The Court **DENIES** the Defendants' motion to dismiss the Plaintiff's third claim for relief.

IT IS SO ORDERED.

Dated: October 3, 2011    *s/    James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE