UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                              :
MARTIN ROBINSON,                              :
                                              :  CASE NO. 1:11-CV-01609
         Plaintiff,                           :
                                              :
vs.                                           :  OPINION & ORDER
                                              :  [Resolving Doc. No. 61, 63]
LT. JEROME BARROW, *et al.*,                  :
                                              :
         Defendants.                          :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendants City of Cleveland, Jerome Barrow, Anthony Spencer, Erin O'Donnell, and Michael Demchak have filed an interlocutory appeal of this Court's denial of qualified immunity to liability under 42 U.S.C. § 1983. [Doc. 59.] Prior to the filing of Defendants' motion to stay, [Doc. 63], Plaintiff Martin Robinson preemptively moved to certify the Defendants' appeal as frivolous and to proceed with the currently-scheduled trial, [Doc. 61].[1] For the reasons stated below, the Court **GRANTS** the Plaintiff's motion to certify the Defendants' appeal as frivolous and **DENIES** the Defendants' motion to stay.

**I. Legal Standard**

As a general rule, a defendant can file an interlocutory appeal of the denial of his motion for summary judgment on qualified immunity grounds. *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th

---

[1] The Defendants oppose the Plaintiff's motion. [Doc. 64.]

Case No. 1:11-CV-01609
Gwin, J.

Cir. 1994) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 522 (1985)). When such an appeal is taken, the district court is divested of jurisdiction and proceedings are stayed pending a decision by the appellate court. *See id.; see also Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990); *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).

A defendant's right to bring such an interlocutory appeal is subject to two limitations, however. First, a defendant cannot stop district court proceedings by simply asserting a frivolous interlocutory appeal. If a defendant's challenge to the denial of his qualified immunity defense is devoid of merit, the district court can declare it as such and move forward with the case. *See Behrens v. Peltier*, 516 U.S. 299, 310-11 (1996) (citing *Yates v. Cleveland*, 941 F.2d 444, 448-49 (6th Cir. 1991)).

The purpose underlying the district court's authority to disregard a frivolous interlocutory appeal is manifest. An interlocutory appeal is "subject to abuse." *Kennedy v. City of Cleveland*, 797 F.2d 297, 300 (6th Cir. 1986). A defendant can assert an interlocutory appeal simply to delay a proceeding, causing prejudice to both the plaintiff and the court. To avoid the "deleterious effects of unfounded delays," some Circuit Courts[2] have held that the district court retains the authority to certify an appeal as frivolous and "get on with trial." *Apostol*, 870 F.2d at 1339.

Second, a defendant cannot immediately appeal a district court order denying him summary judgment on qualified immunity grounds if the determination is fact-related. The Supreme Court

---

[2] The Sixth Circuit has neither explicitly endorsed nor rejected this procedure. *See Dickerson*, 37 F.3d at 252 (commenting that "this court has suggested in the past that a district court may have jurisdiction to certify an interlocutory appeal from the denial of qualified immunity as frivolous," but vacating the district court's dismissal of the defendant's notice of appeal)

-2-

Case No. 1:11-CV-01609
Gwin, J.

held in *Johnson v. Jones*, 515 U.S. 304 (1995), that qualified immunity appeals should be limited to "cases presenting neat abstract issues of law." *Id.* at 317 (citation omitted). The Sixth Circuit has also noted that denials of summary judgment are only appealable if "the issue on appeal is not what facts the parties may be able to prove, but whether the plaintiff's facts, taken at their best, show a violation of clearly established law." *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir. 1999); *see also Turner v. Scott*, 119 F.3d 425, 428 (6th Cir. 1997). The Sixth Circuit lacks jurisdiction to review a denial of summary judgment that "turns on the existence of a genuine issue of material fact." *Skousen v. Brighton High Sch.*, 305 F.3d 520, 525 (6th Cir. 2002); *see also Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 308 F.3d 523, 536-37 (6th Cir. 2002).

## II. Analysis

The Sixth Circuit has made it "clear that a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order," where, as here, "that order determines whether or not the pretrial record sets forth a genuine issue of fact for trial." *Estate of Carter v. Detroit*, 408 F.3d 305, 307 (6th Cir.2005) (citation and quotation marks omitted). This Court's denial of qualified immunity did not"turn on an issue of law," *Johnson*, 515 U.S. at 309," and is not "an appealable final decision under 28 U.S.C. § 1291," *id*.

Moreover, in their motion for summary judgment, the Defendants relied entirely on their own version of the facts and made no effort to make the proper argument: based on the facts *as alleged by Plaintiff Robinson*, the Defendants' did not violate Robinson's clearly established constitutional rights. Rather, the Defendants used twenty pages to argue that they were justified in their use of force "given the threat of deadly force Robinson posed against them . . . and [Robinson's] inexplicable attempt to threaten them with deadly force." [Doc. 30 at 13.] The "legal issues" that the Defendants'

-3-

Case No. 1:11-CV-01609
Gwin, J.

claim they will pursue on appeal also depend on the "particularized circumstances presented in this case"—circumstances on which the parties do not agree. [Doc. 64.]

Furthermore, the Defendants do not provide any other argument for a stay, and the Court does not find any reason to do so. In resolving this motion for a stay pending appeal, this Court must balance: "1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent a stay; 3) the prospect that others will be harmed if the court grants the stay; and 4) the public interest in granting the stay." *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001). The "four factors are not prerequisites but are interconnected considerations that must be balanced together." *Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006). "The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the movant] will suffer absent the stay." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). In this case, it is unlikely that the Defendants will prevail on the merits of the appeal, Plaintiff Robinson will be harmed by further delay, and the public interest favors moving this matter forward and finally determining the Defendants' liability. The Defendants do not show that they will be overwhelmingly and irreparably harmed absent a stay, and on balance, the four factors favor proceeding to trial. Accordingly, the Court declines to stay the matter pending the Defendants' frivolous appeal.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** the Plaintiff's motion to deem the

Case No. 1:11-CV-01609
Gwin, J.

Defendants' appeal frivolous, and **DENIES** the Defendants' motion to stay.

    IT IS SO ORDERED.


Dated: March 22, 2012          s/ *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE