No. 12-3322

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| MARTIN ROBINSON, | **)** | |
| | **)** | |
| Plaintiff-Appellee, | **)** | |
| | **)** | |
| BUREAU OF WORKERS COMPENSATION, | **)** | |
| | **)** | |
| Intervenor-Appellee, | **)** | |
| | **)** | |
| v. | **)** | O R D E R |
| | **)** | |
| LIEUTENANT JEROME BARROW, Badge No. | **)** | |
| 8467, Individually and in his official capacity; | **)** | |
| DETECTIVE ANTHONY SPENCER, Badge No. | **)** | 1:11cv1609 |
| 936, Individually and in his official capacity; | **)** | |
| DETECTIVE ERIN O'DONNELL, Badge No. | **)** | |
| 1027, Individually and in her official capacity; | **)** | |
| DETECTIVE MICHAEL DEMCHAK, Badge No. | **)** | |
| 1621, Individually and in his official capacity; | **)** | |
| CITY OF CLEVELAND, | **)** | |
| | **)** | |
| Defendants-Appellants. | **)** | |

FILED

**Mar 26, 2012**

LEONARD GREEN, Clerk

Before: DAUGHTREY, MOORE, and COLE, Circuit Judges.

Martin Robinson, a correctional officer at a state-run Ohio women's prison facility, sued

Lieutenant Jerome Barrow and Detectives Anthony Spencer, Erin O' Donnell and Michael Demchak

(collectively, "the officers"), and the City of Cleveland under 42 U.S.C. § 1983 after he was forcibly

arrested by the officers while guarding a breach in the prison fence. The defendants appeal a district

court's interlocutory order denying: (1) summary judgment to the officers because they were not

entitled to qualified immunity given the genuine and material factual disputes concerning Robinson's

excessive-force and false-imprisonment claims; and (2) summary judgment to the City of Cleveland

No. 12-3322
- 2 -

on Robinson's municipal-liability claims. Over Robinson's opposition, the defendants move to stay the trial in the district court pending a ruling on the merits of their appeal.

We consider four factors in determining whether to grant a stay: (1) the likelihood that the defendants will prevail on the merits of the appeal; (2) the likelihood that the defendants will be irreparably harmed absent a stay; (3) the harm to others if we grant a stay; and (4) where the public interest lies. *See Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). These are not prerequisites that must be met; rather, they are interrelated considerations that are balanced together. *Id.* "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, ___, 129 S. Ct. 1749, 1761 (2009).

The district court determined that an appeal in this case would be frivolous because it would be based on the underlying factual dispute surrounding what happened during Robinson's arrest rather than a legal question. Thus, it is unclear whether we will have jurisdiction to entertain the appeal. Even assuming that we have jurisdiction over the appeal, at this point it does not appear that the defendants will prevail on any of their arguments.

The motion to stay is **DENIED**.

ENTERED BY ORDER OF THE COURT

Clerk